UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN C. HAVENS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>XAVIER BECERRA,<br><br>　　　　Respondent. | Case No. 17-cv-06772-PJH<br><br>**ORDER FOR RESPONDENT TO SHOW CAUSE** |

Petitioner, a former detainee, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was sentenced to five days in Alameda County Jail after being found in contempt by the Alameda County Superior Court, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He has paid the filing fee and it appears that his claims are exhausted.

**DISCUSSION**

**STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the

petition is expected to state facts that point to a 'real possibility of constitutional error.'"
Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).[1]

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner alleges that: 1) he was improperly found in contempt of a state court order for filing a Chapter 11 Bankruptcy petition; and 2) he was unlawfully held in contempt for defending the rights of the State of California and the United States by seeking to put a nonprofit corporation into bankruptcy after it was taken over by private parties for their illegal gain.

Liberally construed, the first claim could be viewed as a challenge to the sufficiency of the evidence and is sufficient to proceed. The second claim does not set forth a separate federal habeas claim and is dismissed.

**CONCLUSION**

1. The clerk shall serve by regular mail a copy of this order and the amended petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

---

[1] A habeas petitioner may be "in custody" pursuant to a state court judgment other than a criminal conviction. Accordingly, federal habeas review may be available to challenge a state court order of civil commitment or a state court order of civil contempt. *Duncan v. Walker*, 533 U.S. 167, 175-76 (2001).

1. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: December 20, 2017

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2017\2017_06772_Havens_v_Xavier_Becerra_(PSP)\17-cv-06772-PJH-osc.docx