UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN C. HAVENS, <br>     Petitioner, <br>   v. <br> XAVIER BECERRA, <br>     Respondent. | Case No. 17-cv-06772-PJH <br><br> **ORDER GRANTING EXTENSION; DENYING MOTION FOR DISCOVERY** <br> Re: Dkt. Nos. 6, 8 |

Petitioner, a former detainee, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was sentenced to five days in Alameda County Jail after being found in contempt by the Alameda County Superior Court. Respondent has been served with the petition and will be filing a response shortly. Petitioner has filed a motion to conduct limited discovery.

Petitioner alleged that: 1) he was improperly found in contempt of a state court order for filing a Chapter 11 Bankruptcy petition; and 2) he was unlawfully held in contempt for defending the rights of the State of California and the United States by seeking to put a nonprofit corporation into bankruptcy after it was taken over by private parties for their illegal gain. Liberally construed, the court found that the first claim could be viewed as a challenge to the sufficiency of the evidence.

Petitioner seeks to depose two different parties of the bankruptcy action. Petitioner has not sufficiently explained how this relates to his being found in contempt by the state court. Unlike an ordinary civil litigant, a habeas petitioner must obtain court permission before he may conduct any discovery. Discovery is only allowed to the extent that the district court, in the exercise of its discretion and for good cause shown, allows it.

*See* Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. 2254.  Good cause for discovery under Rule 6(a) is shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . .'"  *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (citation omitted); *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005).  Petitioner has not shown good cause for the court to permit discovery in this habeas action.

For the foregoing reasons, the court orders as follows:

1. Petitioner's motion to permit limited discovery (Docket No. 6) is **DENIED**.
2. GOOD CAUSE APPEARING, it is hereby ordered that respondent's request for an extension (Docket No. 8) is **GRANTED**.  Respondent may have until **February 28, 2018**, to file an answer.

**IT IS SO ORDERED.**

Dated: February 20, 2018

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2017\2017_06772_Havens_v_Xavier_Becerra_(PSP)\17-cv-06772-PJH-ord2.docx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN C. HAVENS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>XAVIER BECERRA,<br><br>　　　　Defendant. | Case No. 17-cv-06772-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 20, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Warren C. Havens
2649 Benvenue Avenue
Berkeley, CA 94704

Dated: February 20, 2018

　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　Kelly Collins, Deputy Clerk to the
　　　　　　　　　　　　　　　　Honorable PHYLLIS J. HAMILTON