UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN HAVENS,<br><br>    Petitioner,<br><br>v.<br><br>XAVIER BECERRA,<br><br>    Respondent. | Case No. 17-cv-06772-PJH<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY** |

This is a habeas corpus case filed pro se by a former detainee pursuant to 28 U.S.C. § 2254.[1] Petitioner challenges his five-day sentence and one-thousand dollar fine after being found in contempt by the Alameda County Superior Court. The court ordered respondent to show cause why the writ should not be granted. Respondent filed an answer and lodged exhibits with the court and petitioner filed a traverse.[2] For the reasons set out below, the petition is denied.

## BACKGROUND

Susan Uecker is the court-appointed receiver in the state receivership case of *Leong v. Havens [petitioner],* No. 2002-070640 (Alameda Cnty. Super. Ct. filed Oct. 31, 2002). Answer, AG0000556-68. On August 27, 2016, the receiver filed a motion seeking contempt of court sanctions under Cal. Civ. Proc. Code section 1209 against petitioner for violating an order of the court. *Id.* After a hearing was held on November 30,

---

[1] To the extent petitioner seeks to reclassify this action as a civil rights case, his request is denied. If a petitioner is in custody at the time he files his federal habeas petition, his subsequent release from custody does not deprive the court of its jurisdiction. *See Chaker v. Crogan,* 428 F.3d 1215, 1219 (9th Cir. 2005).

[2] Petitioner filed an initial traverse and then a more extensive traverse. The court has reviewed both filings.

December 7 and December 14, 2016, petitioner was convicted of two counts of contempt and sentenced to ten days of confinement and a two-thousand-dollar fine. *Id.* On August 3, 2017, the California Court of Appeal granted an alternative writ of prohibition as to the second contempt count but denied relief for the remaining contempt count, which is the subject of this federal petition. *Id.* at AG0001747-51. The California Supreme Court denied the petition for review on November 15, 2017. *Id.* at AG0001850.

## STATEMENT OF FACTS

Starting in 1999 petitioner formed several related companies involving wireless services and obtained licenses from the Federal Communications Commission ("FCC"). *Id.* at AG0000422-23. One such company, Skybridge Spectrum Foundation ("SSF"), founded in 2006, was formed as a Delaware nonprofit corporation. *Id.* Since 2002 petitioner and Arnold Leong, have been involved in a dispute over the ownership and control of the companies and their licenses. *Id.* at AG0000557.

Petitioner was also involved in a separate administrative proceeding before the FCC. *Id.* at AG0000439. On April 22, 2015, an FCC administrative law judge ("ALJ") issued an order in *Maritime Communications/Land Mobile LLC*, FCC Docket No. 11-71, 2015 WL 1890837 (FCC Apr. 22, 2015). *Id.* at AG0000439. The ALJ described petitioner's extensive amount of frivolous and vexatious litigation. *Id.* at AG0000439-52. The ALJ recommended that the FCC issue a Hearing Designation Order, which if issued could result in the FCC licenses being frozen. *Id.* at AG0000557-58. As a result of the ALJ's order, Leong moved to appoint a receiver in Alameda County Superior Court. *Id.* at AG0000558.

On November 16, 2015, the Alameda County Superior Court appointed the receiver. *Id.*; *Id.* at AG0000236-41. In so doing the court enjoined petitioner, among other restrictions, from contacting the FCC regarding the licenses in the receivership entities; interfering with the receiver in the discharge of her duties; and otherwise commencing or prosecuting any suit in the name of the receivership entities or acting on their behalf. *Id.* at AG0000241. In July 2016, a second order was issued for petitioner

2

not to communicate with the FCC or anyone else that would lead the recipient to believe that petitioner was communicating on behalf of a receivership entity. *Id.* at AG0000244. Four months earlier in March 2016, petitioner filed a voluntary petition for bankruptcy on behalf of SSF, one of the receivership entities, in the United States Bankruptcy Court for the District of Delaware. *Id.* at AG0000456-512. The bankruptcy court found that, due to the receivership order from the Alameda County Superior Court, petitioner was not authorized to bring the action. *Id.* at AG0000500-07.

On August 22, 2016, petitioner filed an involuntary petition against the Leong Partnership in the United States Bankruptcy Court for the Northern District of California in his name and in the name of SSF, a receivership entity. *Id.* at AG0000247-73. Petitioner sought to have the Leong Partnership forced into bankruptcy. *Id.* at AG0000559. Petitioner also attempted to impose a stay on the receivership's assets. *Id.* at AG0000560. On August 25, 2016, petitioner filed a notice to dismiss SSF as a petitioning creditor. *Id.* at AG0000275.

On August 29, 2016, the Alameda County Superior Court issued a show-cause order on a contempt petition filed by the receiver against petitioner. *Id.* at AG0000556. Petitioner was found in contempt on December 14, 2016, on the basis of filing the involuntary bankruptcy petition in the name of SSF. *Id.* at AG0000556-65. Specifically, the court ruled that by filing the petition, petitioner had violated its orders to not communicate with other persons or entities in a manner that would lead them to believe that petitioner was acting on behalf of the receivership entity and to not interfere with the receiver's discharge of her duties. *Id.* at AG0000559-61.[3]

## STANDARD OF REVIEW

A party may challenge the legality of custody under a civil contempt order in a federal habeas petition. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001). A district court may not grant a petition challenging a state conviction or sentence on the basis of a

---

[3] This court has not discussed the second contempt finding regarding he submission of an FCC filing because petitioner was already granted relief in state court.

3

claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *see Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *see Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *See Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

The state court decision to which § 2254(d) applies is the "last reasoned decision" of the state court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005). When there is no reasoned opinion

4

from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Nunnemaker* at 801-06; *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). Here, the court looks to the California Court of Appeal opinion for the sole claim in the petition.

## DISCUSSION

As grounds for federal habeas relief, petitioner asserts that there was insufficient evidence for the finding of contempt because the state court order enjoining his actions on behalf of SSF violated the Constitution.

### LEGAL STANDARD

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). A state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt therefore states a constitutional claim, *see Jackson v. Virginia*, 443 U.S. 307, 321 (1979), which, if proven, entitles him to federal habeas relief, *see id.* at 324.

The Supreme Court has emphasized that "*Jackson* claims face a high bar in federal habeas proceedings . . . ." *Coleman v. Johnson*, 566 U.S. 650, 651, 655 (2012) (per curiam) (finding that the 3rd Circuit "unduly impinged on the jury's role as factfinder" and failed to apply the deferential standard of *Jackson* when it engaged in "fine-grained factual parsing" to find that the evidence was insufficient to support petitioner's conviction). A federal court reviewing collaterally a state court conviction does not determine whether it is satisfied that the evidence established guilt beyond a reasonable doubt. *Payne v. Borg*, 982 F.2d 335, 338 (9th Cir. 1992); *see, e.g., Coleman*, 566 U.S. at 656 ("the only question under *Jackson* is whether [the jury's finding of guilt] was so insupportable as to fall below the threshold of bare rationality"). The federal court "determines only whether, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime

5

beyond a reasonable doubt.'" *Payne*, 982 F.2d at 338 (quoting *Jackson*, 443 U.S. at 319). Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt, has there been a due process violation. *Jackson*, 443 U.S. at 324; *Payne*, 982 F.2d at 338.

**ANALYSIS**

The Alameda County Superior Court which had enjoined petitioner from interfering with the discharge of the receiver's duties and from communicating in a way that could lead the recipient to believe the communication was made on behalf of the receivership entity, found him in contempt for violating these orders by filing the involuntary bankruptcy petition against Leong on behalf of SSF. Answer, AG0000556-65. After the California Court of Appeal granted relief as to another contempt finding, the court stated that it had "considered petitioner's challenge to the remaining contempt count [regarding the bankruptcy petition] and concludes it does not appear petitioner has persuasively demonstrated an entitlement to writ relief regarding that count." *Id.* at AG0001748, n.1.

Petitioner argues that the Alameda County Superior Court order preventing him from filing a bankruptcy petition in federal court violated his rights under the Constitution; therefore, the order of contempt for violating the superior court order was improper and lacked sufficient evidence. Petitioner has failed to demonstrate that the state court opinion denying his petition was an objectively unreasonable application of Supreme Court authority.

Petitioner argues that he has a constitutionally protected right to file a petition in the bankruptcy court. While he cites cases that support this proposition, it is not a uniform rule and there are exceptions. Petitioner relies on *Donovan v. City of Dallas*, 377 U.S. 408 (1964), to support his argument. However, *Donovan* involved plaintiffs whom the state court sought to enjoin from proceeding with a pending federal action. *Id.* The Supreme Court noted that "[e]arly in the history of our country a general rule was established that state and federal courts would not interfere with or try to restrain each other's proceedings." *Id.* at 412. The Supreme Court also noted, "An exception has

6

been made in cases where a court has custody of property, that is, proceedings in rem or quasi in rem. In such cases this Court has said that the state or federal court having custody of such property has exclusive jurisdiction to proceed." *Id.*

In the instant case the Alameda County Superior Court had exercised jurisdiction over SSF, that is the subject of the parties' dispute, before petitioner began litigation in federal courts. This is distinguishable from *Donovan*, where the parties had already been litigating in federal court before the state court took action. Furthermore, because SSF was in state receivership, the California Court of Appeal could have construed the facts in this case to fall within the exception noted in *Donovan*. The state court's finding is supported by the record and was not objectively unreasonable.

Nor has petitioner identified established Supreme Court authority pertaining to a constitutionally protected right to file an involuntary bankruptcy against another party. The Second Circuit noted, "We hold that while it should be sparsely exercised, district courts possess the authority and discretion to enter anti-litigation orders, including those that bar the filing of involuntary bankruptcy petitions absent the district court's permission." *Sec. & Exch. Comm'n v. Byers*, 609 F.3d 87, 89 (2d Cir. 2010). For all these reasons, petitioner has failed to show that the state court denial of his claim was contrary to, or involved an unreasonable application of, clearly established Federal law.

There was also sufficient evidence that the petitioner's actions violated the state court order. The superior court set forth specific reasons as to how petitioner was in contempt by filing the bankruptcy petition, and the California Court of Appeal found he was not entitled to relief. To the extent petitioner argues that the state court was incorrect in its analysis of state law and the contempt statute, he is not entitled to habeas relief. The *Jackson* standard must be applied with reference to the substantive elements of the criminal offense as defined by state law. *Jackson*, 443 U.S. at 324 n.16; *see, e.g.*, *Boyer v. Belleque*, 659 F.3d 957, 968 (9th Cir. 2011) (concluding it was not unreasonable, in light of Oregon case law, for Oregon court to conclude that a rational jury could find beyond a reasonable doubt that petitioner intended to kill his victim based

7

on proof that he anally penetrated several victims with knowledge that he could infect them with AIDS). The state court's ruling on the state law issue is binding on this court.

The "minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law," *Coleman*, 566 U.S. at 655, and petitioner has not shown that the state court was objectively unreasonable in finding sufficient evidence to support the contempt finding in light of the high bar for *Jackson* claims. Multiple orders were issued barring petitioner from certain actions and from interfering with the receiver. Yet he filed two bankruptcy petitions on behalf of receivership entities in the United States Bankruptcy Court in the District of Delaware and an involuntary petition in the Northern District of California. The state courts found that trying to put the receivership entities into bankruptcy and trying to impose a stay over receivership assets amounted to interference with the receiver's duties. The receivership incurred costs and it complicated pending and future sale transactions that had been authorized by the court. The state courts also found that petitioner communicated with other persons or entities in a manner that would lead them to believe that petitioner was acting on behalf of a receivership entity. Viewing the evidence in the light most favorable to the receiver, there was sufficient evidence for the state court to find petitioner in contempt. The state court decision was not objectively unreasonable; therefore, petitioner is not entitled to habeas relief.

## APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

To obtain a COA, petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the

8

district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Section 2253(c)(3) requires a court granting a COA to indicate which issues satisfy the COA standard.  Here, petitioner has made no showing warranting a certificate, and so none is granted.

## CONCLUSION

1.  The petition for writ of habeas corpus is **DENIED** on the merits.  A certificate of appealability is **DENIED**.  *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

2.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 21, 2018

PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN HAVENS,<br>　　　　Plaintiff,<br>　v.<br>XAVIER BECERRA,<br>　　　　Defendant. | Case No. 17-cv-06772-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 21, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Warren Havens
2649 Benvenue Avenue
Berkeley, CA 94704

Dated: November 21, 2018

Susan Y. Soong
Clerk, United States District Court

*Kelly Collins*
_____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON